STATE, *ex rel.* EDWIN K. TULLIDGE v. S. E. DRISKELL, *et al.*

158 So. 277.
En Banc.
Opinion Filed December 21, 1934.

718

*Wallace F. Perry*, for Relator;
No appearance *contra*.

ELLIS, J.—Edwin K. Tullidge, a legally licensed practicing physician, on November 12, 1934, was adjudged by the State Board of Medical Examiners to be guilty of certain charges which had been preferred against him before the said Board, and on that day an order was made by the Board sitting at Tampa, Florida, revoking, annulling and rescinding the license to practice medicine in the State of Florida which had been issued to Tullidge on December 22, 1927.

The above action of the Board of Medical Examiners was based upon a charge before it preferred against Tullidge, which in effect alleged that Tullidge upon his application for a license to practice medicine made a false affidavit under oath as to his good moral character, which affidavit was relied upon as a basis for the issuing of a license to practice medicine in Florida. The charge was made in writing on October 27, 1934. The affidavit supporting it was not signed, according to a purported copy of it attached to the petition filed in this Court. A summons was issued to Tullidge under the signature of the Secretary-Treasurer of the Board and its seal. The summons was issued on October 29, 1934, and required Tullidge to appear before the Board on November 12, 1934, at the Hillsborough Hotel in Tampa, Florida.

On November 8th Tullidge by his attorney submitted a motion for a continuance of the hearing, which motion was denied.

On this date, December 17, 1934, Tullidge by his attorney applied to this Court for a writ of mandamus to be directed to the persons constituting members of the State Board of Medical Examiners commanding them to show

cause, if any they have, on a day to be designated by this Court "why they should not be required to restore the relator, Edwin K. Tullidge's license to practice medicine in the State of Florida, and restore his certificate to practice and otherwise to set aside and revoke their previous order cancelling and suspending his license; and to reinstate his name on the roll recorded with the Clerk of the Circuit Court, in Miami, Dade County, Florida."

The petition for the alternative writ alleges that Tullidge intended to appear before the Board of Medical Examiners pursuant to the summons on the date stated, but was prevented from so doing by reason of illness of his mother in Washington, D. C., to whose aid and assistance he was required to go on November 8th, and with whom he remained until the 14th day of that month; that on that account he could not be present at his trial and answer the charge preferred against him; that he did through his counsel present a motion for a continuance before the Board at the time the case was called for a hearing; that the motion set out fully the cause of his failure to appear in person; that the Board also denied a telegraphic request from Tullidge's counsel for a postponement of the hearing until the following day; that the presence of the petitioner's counsel before the Board on November 12th was prevented because of Tullidge's inability to supply finances to his counsel to defray expenses of the trip from Miami.

The petition alleges that for the above stated reasons the Board proceeded contrary to the law and failed to comply with the requirements of Sections 3415 and 3408 of the Compiled General Laws of Florida in that the Board failed to give Tullidge an opportunity to be heard in the circumstances.

It is further alleged in the petition as a ground for the writ of mandamus that the Board exceeded its authority in

accepting as evidence certain proceedings and sentence of a Navy Court Martial Board in 1917 as establishing proof of the falsity of the petitioner's statement on applying for a license to practice medicine that he was of good moral character.

In this matter it is contended by the petitioner that the Board did not proceed in accordance with the essential requirements of the law as the judgment and sentence of the Naval Court Martial Board rendered in 1917 was not valid evidence of the falsity of the petitioner's statement made in 1927 on his application for a license to practice medicine that he was of good moral character.

In support of that proposition the petitioner refers to the case of State, *ex rel.* Tullidge v. Hollingsworth, 103 Fla. 801, 138 South. Rep. 372, and 108 Fla. 607, 146 South. Rep. 660.

The first cited case held that the statute provides a complete and adequate remedy other than mandamus for one aggrieved who has had his license to practice medicine revoked or annulled when such a result has been reached by a compliance with the terms of the statute. In that case mandamus was allowed because it appeared that the Board of Medical Examiners completely ignored the requirements of the statute which the court held were fundamental rights of the accused.

In the second case it was held that the Board of Medical Examiners had no power to proceed to the examination of a cause until it had positive proof that service was made on the accused and reasonable time given to employ counsel and prepare his defense. "Failure," said the Court speaking through Mr. Justice TERRELL, "to observe any of these requirements and to leave the accused in position to have his case reviewed by the courts is a violation of the plain mandate of the law."

In that case, while the Court referred to the charges which had been made against Tullidge as the ground for the revocation of his license, it expressed no opinion as to their sufficiency because the charge had not been presented in such a manner as would authorize this Court to investigate the case on its merits.

In the case now before the Court the requirements of the statute, both as to the charge preferred and the notice to the accused, have been complied with. The sufficiency of the charge and manner of its proof we will not review by mandamus.

As pointed out in the first case cited, the statute provides a complete and adequate remedy. See Sec. 3415 C. G. L. 1927. The statute provides that the suspended physician may have the proceedings of the Board reviewed by certiorari to the Circuit Court of the Circuit in which said license is revoked. The accused also has the right to demand a trial *de novo* before the Circuit Court and thereafter the court shall hear and determine the guilt or innocence of the accused according to the evidence and law applicable to the facts which shall be produced before the court and unless the guilt of the accused shall appear beyond a reasonable doubt the court shall render the decision in favor of the accused and restore him to all rights to practice medicine. This affords a complete remedy at law for an erroneous action by the State Board of Medical Examiners.

The writ of certiorari has the effect of a supersedeas at common law. It takes the record out of the custody of the inferior tribunal and leaves nothing there to be prosecuted or enforced by execution. "Accordingly, as declared by Bacon, it is clearly settled that after a certiorari is allowed all subsequent proceedings on the record are erroneous. This rule of the common law has been brought down to modern times, and prevails universally except where it has

been abrogated or modified by statute." See 4 Ency. Pl. and Prac. 205; Great American Ins. Co. of N. Y. v. Peters, 105 Fla. 380, 141 South. Rep. 322.

The person aggrieved by any action of the State Board of Medical Examiners, which undertakes to revoke a physician's license to practice medicine may on proper application to the Circuit Court of the Circuit in which the license is recorded obtain a writ of certiorari to review the proceedings, or by petition addressed to the Circuit Court he may have a trial *de novo* before that court, or he may have a writ of certiorari and demand a trial *de novo*.

Mandamus is not the proper remedy to review the proceedings by the State Board of Medical Examiners in which a physician's license has been revoked except in such cases where no attempt has been made by the Board to observe the "fundamental" rights of the accused as was pointed out in the first and second Tullidge cases, *supra*.

Where the Board has complied with the requirements of the law and secured jurisdiction of the accused by a proper summons and notice as the statute requires and proceeds to its judgment of revocation of the license, the proper method of review is by certiorari or trial *de novo* in the Circuit Court as the statute requires. There it may be determined whether the Board abused its discretion in denying a continuance on application of the accused in the circumstances or whether the evidence was sufficient to sustain the judgment of revocation.

The application for an alternative writ of mandamus as prayed for in the petition is denied, as also the constitutional writ sought by the petitioner.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.