ANDREWS, Judge.
The state petitions for writ of certiorari to review an order of the Court of Record for Broward County granting a motion to acquit the defendants, Edward H. Cook, Richard Willard Kay and Paul Panczko, of a robbery charge.
The first trial of the defendants resulted in a mistrial. The second trial resulted in a verdict of guilty. The court granted defendants’ motion for a new trial on the ground that the assistant county solicitor had committed reversible error in his summation to the jury.
As authorized by F.S.A. § 924.07(2) the state appealed the order granting a new trial. The order of the trial court was affirmed in a per curiam decision. State v. Cook, Fla.App.1964, 160 So.2d 758. This decision was rendered during the fourth term of the trial court following the entry of the order granting a new trial. While the appeal was pending the defendants filed requests for a speedy trial at each of three successive terms of court. Thereafter defendants moved for acquittal alleging that more than three terms of court had passed without their being brought to trial. F.S.A. § 915.01. The trial court ordered acquittal and this petition followed.
The three-term standard for speedy trial set out in F.S.A. § 915.01 was enacted as part of the Criminal Justice Act of 1939, ch. 19554, Laws of Florida, 1939. The same act provided that an appeal by the state from an order granting a criminal defendant a new trial operates to stay that order until the disposition of the appeal. F.S.A. § 924.19.
Accordingly, we grant the petition for writ of certiorari and quash the order acquitting the defendants.
The circumstances of this case point up the need for definitive action to be taken, either by the Supreme Court under its rule-making power, Article V, Section 3, Florida Constitution, F.S.A., or by the legislature to provide a uniform period within which a person charged with a crime can set in motion the steps necessary to assure a speedy trial as guaranteed by the United States and Florida Constitutions. Such a rule might be similar to Fla.R.Civ.P. 1.420(e), 30 F.S.A., providing for dismissal of civil actions for failure to prosecute.
Under Chapter 59-877, Section 3, Laws of Florida, 1959, a term of the Court of Record for Broward County is three months’ duration. The right of dismissal of a criminal action in Broward County could accrue after nine months. F.S.A. § 32.03 provides for a term of the criminal court of record every two months. Accordingly, the right to dismissal of criminal actions in counties which have such courts could accrue after six months. F.S.A. § 26.27 provides for a term of the circuit court of six months. In counties not having a criminal court of record, the right of dismissal of a criminal action could accrue after eighteen months. Constitutional rights should not be subject to the structural eccentricities of our court system. We would hope that a uniform standard on *771 speedy trial be adopted, providing for contingencies such as presented in this case and removing the geographical irregularities now existent.
WALDEN, C. J., and CROSS, J., concur.