PER CURIAM.
On this appeal by the defendant below from a judgment of conviction for robbery, two contentions are presented, first that the trial court erred in denying his motion to be discharged because not brought to trial within three terms of court in which he had filed written demands for speedy trial, and second, that appellant was denied due process of law in that the jury was composed of six rather than twelve jurors. We find no merit in either of those contentions, and affirm.
The record does not bear out the appellant’s contention that he was entitled to discharge based on having made demands for trial in three successive terms of the court. By § 32.03(4) (a), Fla.Stat., F.S.A., the terms of the criminal court of record of Dade County are shown to be as follows: “Second Tuesday in February. Second Tuesday in April. Second Tuesday in June. Second Tuesday in August. Second Tuesday in October. Second Tuesday in December.”
The defendant was arrested on November 4, 1968. He filed written demands for trial (in the first full term after arrest) on December 9, 1968, and (in the second term) on February 20, March 26, March 27, and (in the third term) on April 11, 1969. His trial was held on May 19, 1969, which was before the end of the third full term after his commitment, and therefore within the time required by the statute upon which he relied, § 915.01(2), Fla. Stat., F.S.A. Appellant’s contention relating to the makeup of the jury is rejected on authority of Hearns v. State, Fla.1969, 223 So.2d 738; Williams v. State, Fla. App.1969, 224 So.2d 406.
Affirmed.