CARROLL, Judge.
This appeal is by the state from an order of the criminal court of record of Dade County which discharged the appellee-de-fendant Earl Jackson Carroll, herein referred to as the defendant, from the crimes of which he had been charged by information, for want of a speedy trial. In the circumstances disclosed in the record, the challenged order of the trial court was incorrect, and we reverse.
Section 915.01(2), Fla.Stat., F.S.A. provides that when a person who has been arrested and released on bond files written demands for trial in three successive terms of the court having jurisdiction to try the offense involved, such person will be entitled to discharge if “he is not brought to trial at or before the third full term after the date he is first committed,” (unless he has prevented attendance of witnesses or sought a continuance by a filed pleading).[1] The date of commitment there mentioned has reference to the date of arrest. State ex rel. Buono v. Goodman, Fla.App.1970, 233 So.2d 185. Where demands for trial are filed as required in three successive terms, the time within which the statute provides the person should be brought to trial or otherwise be entitled to discharge, is the period of three full terms of the court following that in which the person was thus “committed.” Bryant v. State, Fla.App.1970, 234 So.2d 700.
The terms of the criminal court of record of Dade County as fixed by § 32.03 (4) (a) Fla.Stat., F.S.A., with the dates of such terms as they occurred in the year 1969, were as follows: “Second Tuesday in February [February 11 through April 7]. Second Tuesday in April [April 8 through June 9]. Second Tuesday in June [June 10 through August 11]. Second Tuesday in August [August 12 through October 13]. Second Tuesday in October [October 14 through December 8]. Second Tuesday in December [commencing December 9].”
Based on an indictment filed April 1, 1969, the defendant was arrested on that date, and was released on bond. Predicated on the indictment, the state attorney filed an information on April 11, 1969, charging the defendant and one Sy Chadroff with *207 conspiracy to solicit a bribe (in one count) and with soliciting a bribe (in a second count).
In the February term, in which the arrest was made, the defendant filed a demand for trial on April 2, 1969, and filed demands for trial in each of the succeeding three terms, on April 10, June 13, and October 6.
During the second term after the date of arrest, the defendant moved to dismiss the information, and on July 24, 1969, the trial court granted the motion and dismissed the information by an oral order.[2]
Later, after the state attorney made written request to the court for the oral order of dismissal of the information to be reduced to writing in order that the state might institute an appeal therefrom,[3] the trial court entered a written order thereon on September 2, 1969.[4]
We have no need to determine whether the oral order of dismissal made in July, in the second term after arrest, was effective when pronounced, or did not become effective until placed in writing on September 2, 1969, or if the written order of September operated nunc pro tunc (Cf. State v. Kahler, Fla.1969, 224 So.2d 272). This is so because whether the dismissal of the information is considered to have become effective on the date of the oral order in July or only later by the written order of September 2 the result would be the same, since both orders were entered prior to the end of the third full term after the date the defendant was first committed.
On September 22, 1969, the state appealed from the written order of September 2, and this court reversed, thereby reinstating the information against the defendant. See State v. Carroll, Fla.App.1970, 234 So.2d 415. Our mandate thereon was filed in the trial court on May 8, 1970, after which the case was set for trial in the criminal court of record on a stated date in the ensuing term of the court, which commenced on May 12, 1970.
However, on May 22, 1970, prior to the date for which the trial was thus set, the defendant moved to be discharged for want of a speedy trial because he had not been brought to trial within three full terms after date of his commitment. On June 22, 1970, the court granted the motion and discharged the defendant. The present appeal by the state is from that order.
We hold the trial court was in error in so discharging the defendant. The three term period in which the defendant could have been brought to trial had not expired when the information was dismissed. So long as the dismissal order stood, there could be no trial on that information. It seems clear without a need for further elaboration that the speedy trial statute did not afford a basis for discharging the defendant in the circumstances disclosed.
Moreover, the situation which precluded the defendant from being brought to trial within three full terms after the term in *208 which he was arrested was one which the defendant affirmatively brought about by seeking and obtaining the order dismissing the information. See State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393, 395, where the Supreme Court said:
“ * * * Sec. 915.01 is intended to prevent only ‘unreasonable delay,’ but such delay includes not only delay caused by the State, but also that which it can reasonably prevent, or which is not caused by the accused. In order to be entitled to discharge, it is not necessary that the accused be the victim, as phrased by the District Court, of ‘oppressions or of purposeful, vexatious or arbitrary action by the state * * The accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused.” [Emphasis added.]
For the reasons assigned the order discharging the defendant, which is the subject of this appeal, is reversed and the cause is remanded to the criminal court of record for further proceedings not inconsistent herewith.
It is so ordered.

. Compare § 915.01 as later amended. Laws of Fla.1970, Ch. 70-339.

. The dismissal of the information as to the defendant was sought and granted on the theory that he was not subject to prosecution because the co-defendant Chadroff, who had been held to have gained immunity, had been discharged from the cause. The ruling discharging Chadroff was appealed by the state, and was reversed by this court on April 20, 1970. See State v. Chadroff, Fla.App.1970, 234 So.2d 412.

. See State v. Kahler, Fla.1969, 224 So.2d 272.

.That order stated as follows:
. “Ordered and Adjudged that the Defendant, Earl Jackson Carroll’s Motion to Dismiss the instant Information upon the grounds added as amendments to his original Motion to Dismiss, is granted.
“This Order was recited in open Court on July 24, 1969 and was entered as a written Order, together with the Findings of Fact and Conclusions of Law above recited on this 2nd day of Sept. 1969, in Dade County, Florida.”