244 So.2d 438 (1970)
Ronald S. WOODWARD, Relator,
v.
Warren H. EDWARDS, Judge of the Criminal Court of Record, Division a, Orange County, Florida, Respondent.
No. 70-775.
District Court of Appeal of Florida, Fourth District.
December 11, 1970.
Rehearing Denied January 29, 1971.
Louis R. Bowen, Jr., Public Defender, and Maurice M. Paul, Asst. Public Defender, Orlando, for relator.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for respondent.
*439 REED, Judge.
We have before us a petition for a writ of prohibition directed to the Honorable Warren H. Edwards as Judge of the Criminal Court of Record in and for Orange County, Florida. The petitioner is Ronald S. Woodward who seeks to prohibit his trial before the respondent on certain charges now pending in the Criminal Court of Record for Orange County, Florida. On the basis of the petition, we issued a Rule Nisi and a return has been filed by the State.
The facts are without dispute. The petitioner was arrested on 20 January 1970 and released on bail on 29 January. He was later bound over to the Criminal Court of Record on 5 February 1970. On 24 March 1970 information number 70-228 was filed in that court charging the petitioner with breaking and entering with the intent to commit a felony, grand larceny, and receiving and concealing stolen property.
The Criminal Court of Record for Orange County has six terms of court per year. Those which are pertinent to this case commenced on the second Monday in March, May, July, and September. F.S. 1969, section 32.03(4) (e), F.S.A. On 1 April 1970 the petitioner filed his first demand for a speedy trial in the Criminal Court of Record. This demand was referable to the March term of court. The second demand which was referable to the May term of court was filed 11 May 1970. The third demand which was referable to the July term of court was filed 13 July 1970. The petitioner was not brought to trial in any of these three terms of court. On 14 September 1970 after the July term of court had expired, he filed a motion for a discharge pursuant to the speedy trial statute, F.S. 1969, section 915.01(2), F.S.A. The motion was heard by the respondent on 18 September 1970 and denied on the ground that the first demand for a speedy trial was not filed in good faith in that the petitioner was not then ready for trial and thus was a nullity for purposes of F.S. 1969, section 915.01(2), F.S.A. The respondent then set the cause for trial in the September term.
The first question presented by this case, therefore, is whether the initial demand filed by the petitioner on 1 April 1970 at a time when he was not ready for an immediate trial may be considered as a valid demand for trial for purposes of applying the provisions of F.S. 1969, section 915.01(2), F.S.A. We answer this question in the affirmative.
We will accept at full face value the assertion of the State that at the time the first demand for trial was filed, the petitioner was not prepared for trial. Nevertheless, for two reasons we reject the state's contention that the demand is not valid for the purposes of the aforementioned statute. First, the statute does not require that a person be prepared for trial at the time he files his initial demand. Secondly, we judicially know that one who files a demand for a speedy trial cannot reasonably expect an instant trial. Under this circumstance, it is not an exercise of bad faith for a person to file a demand before he is actually prepared to go to trial.
The State raises a second issue. It contends that even if the first demand for a speedy trial was an effective demand, the petitioner is still not entitled to a discharge because when he sought his discharge three full terms had not elapsed since the initial demand was filed.
The pertinent language of Section 915.01(2) is as follows:
"When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial * * * and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime * * *." (Emphasis added.)
*440 This statute gives an accused person the right to file three written demands for trial, one in each of three successive terms of court. A countervailing burden is placed by the statute upon the State to bring the accused to trial within three full terms "after the date he is first committed". (Emphasis added.) Unfortunately, however, the statute provides no correlation between (a) the three "successive terms" with respect to which written demands for trial may be filed by the accused, and (b) the three full terms within which the State must bring the accused to trial.
This hiatus in the statute could lead to an anomalous result. For example, if the statute is literally applied, the three full terms within which the State must bring an accused to trial must be measured from the date the accused is first "committed" which we take to mean arrested. See State v. Carroll, Third District Court of Appeal, 240 So.2d 205, opinion filed October 28, 1970. An accused person, therefore, could wait for the passage of three full terms of court after his arrest and, assuming he has not been tried, file a demand for speedy trial together with a motion for discharge. At this point the State could not try him because three full terms of court have elapsed since his arrest, and the State would be obligated to discharge the accused upon his filing two more demands, one in each of the next two terms of court. The possibility of such an absurd result leads us to the view that the language in Section 915.01(2) reading, "* * * at or before the third full term after the date he is first committed" should not be literally construed.
It is, of course, our duty to interpret the statute so as to avoid an absurd result. Johnson v. State, Fla. 1956, 91 So.2d 185, 191. We, therefore, construe the above quoted language to refer to the third full term of court to follow both the accused's arrest and the giving of his first written demand for trial pursuant to the other provisions of the statute. Such a construction not only avoids the ridiculous possibility mentioned above, but it also provides what we conceive to be the intended correlation between the three successive terms of court with respect to which an accused may file a written demand for trial and the three full terms within which the State must bring the accused to trial or suffer his discharge.[1]
*441 Applying the statute as thus interpreted to the facts of our case, it appears that the third full term of court which followed both the arrest and the first demand for trial was the September 1970 term. The trial court, therefore, properly denied the motion for discharge and set the cause for trial in that term.
Of course, the petitioner prevented his trial in that term by filing the petition for prohibition in this court on 21 September 1970. See Rule 4.5(d) (2), FAR, 32 F.S.A. He thereby waived his right to have that term considered as one of the three full terms within which he could be tried. See State ex rel. Johnson v. Edwards, Fla. 1970, 233 So.2d 393, 395. The same would also be true with respect to any subsequent term in which the State cannot reasonably bring the defendant to trial because of the delay occasioned by the proceedings in this court.
We have carefully studied the recent decision of the Florida Supreme Court in the case of State ex rel. Leon v. Baker, Fla. 1970, 238 So.2d 281. We do not believe that the decision there militates against the construction which we place on F.S. 1969, section 915.01(2), F.S.A. In the Baker case it appeared that the accused was arrested on or before 31 July 1968. Thereafter he applied for a discharge on 10 February 1969 which was the last day of the third full term following both his arrest and his first demand for a speedy trial. For this reason the Court in the Baker case was not concerned with the language of the statute dealing with the three terms within which the State must bring the accused to trial. We understand the Baker case to have decided only: (a) that the demands which the accused may give under F.S. 1969, section 915.01(2), F.S.A., need not be filed on the first day of the term, and (b) that a crowded court docket is not an excuse for a delay by the State in the provision of a speedy trial.
For the foregoing reasons, we conclude that a writ of prohibition should not issue and that the Rule Nisi heretofore entered in this cause should be discharged.
Prohibition denied.
WALDEN and OWEN, JJ., concur.
NOTES
[1] We notice that the 1970 Legislature has adopted by a revision of Section 915.01 basically the construction which we place on F.S. 1969, Section 915.01 (2), F.S.A., but the revised statute does not become effective until 1 January 1971. Ch. 70-339, Laws of Florida, 1970. Unfortunately, under the provisions of the 1970 revision a "speedy trial" for a person who has been released on bail is still measured by three terms of court. We think that a serious question must be raised as to the wisdom of measuring the time for a speedy trial for one released on bail by three terms of court. In the first place this does not provide a uniform standard. In the Criminal Courts of Record three terms of court equate with six months, but in circuit courts, on the other hand, three terms of court generally equal nine to eighteen months. See F.S. 1969, sections 26.22-26.365, F.S.A. In the second place, three terms of a criminal court apparently form an unreasonably short period within which to require the State to bring an accused out on bail to trial. The many cases similar to the present case which are entering the courts on petitions for writs of mandamus and prohibition suggest that what was once a reasonable time for bringing a person to trial may no longer be reasonable.

On August 10, 1970, Chief Justice Warren E. Burger of the United States Supreme Court commented in his address to the American Bar Association on the state of the federal judiciary:
"But the increase in the volume of cases is not by any means the whole story. Experienced trial judges note that the actual trial of the case now takes twice as long as it did 10 years ago, because of the close scrutiny we now demand of confessions, identification witnesses and evidence. We must do that before we deprive any person of his freedom. These changes represent a deliberate commitment to values which are higher than pure efficiency when we're dealing with human liberty." (Emphasis added.)
We hope that the Legislature or the Florida Supreme Court in the exercise of its rule making power (Article V, Section 3, Florida Constitution, F.S.A) will review this problem in the light of the current flow of cases through our criminal courts and the increasing time required to try them.