PER CURIAM.
On this appeal, the State questions the propriety of a trial court’s order granting a defendant’s motion for discharge on the ground that he had been denied a speedy trial.
The following appears from the record: On January 29, 1970, the defendant-appel-lee was charged by information with conspiring to commit grand larceny and with two counts of grand larceny. On February 9, 1970 he filed his first demand for speedy trial. He made further demands on April 8, May 1, June 10, and October 7, 1970. During this same period, the State did the following: On February 13, 1970 it moved to disqualify the trial judge. The motion was denied and, on February 18, 1970, pursuant to the State’s suggestion for writ of prohibition, this court issued a rule nisi. This court discharged the rule nisi in prohibition effective April 15, 1970, and the State took certiorari to the Supreme Court on April 29, 1970. The Supreme Court granted the writ, heard argument on the merits, and ultimately refused to quash the opinion of this court by action which was final September 14, 1970. On September 22, 1970, the appellee moved for discharge on the ground he was not granted a speedy trial. After hearing on the motion, the trial court entered the order appealed.
*737 The State, by its prohibition proceedings, sought [on behalf of the citizens of this county] to secure a transfer of the cause from a trial judge whom it considered disqualified to consider the cause. This court found that the suggestion made a prima fa-cie case; otherwise it could not have issued the rule nisi. See: Rule 4.5, subd. d(2), Florida Appellate Rules, 32 F.S.A. And, upon issuance of the rule nisi all proceedings in the trial court were stayed. See: Rule 4.5, subd. d(2), Forida Appellate Rules.[1] Following a final decision by this court, reported in State ex rel. Gerstein v. Stedman, Fla.App.1970, 233 So.2d 142, the rule nisi was discharged. Within fifteen days of the effective date of this court’s decision, a petition for writ of certiorari to review same was filed in the Supreme Court of Florida. Pursuant to the provisions of the applicable rules of appellate procedure, an automatic stay was issued in this court and in the trial court. See: Rule 4.5, subd. c(6), Florida Appellate Rules.[2] Thereafter, the Supreme Court granted the petition for writ of cer-tiorari, considered the cause on the merits, and rendered a decision adverse to the State which became final on September 14, 1970 and is reported in State ex rel. Ger-stein v. Stedman, Fla.1970, 238 So.2d 615. Obviously the trial court could not have tried the appellee upon his demands for speedy trial during the interval between the issuance of this court’s rule nisi and the final determination of the certiorari proceedings in the Supreme Court.
The appellee contends that notwithstanding this lack of ability to try him during this period because the delay was not occasioned by the two exceptions in the statute, to wit: “* * * the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.” and that therefore he should not lose his right to be discharged because of the affirmative action by the State in seeking to disqualify what it considered to be a trial judge who was under an impediment to hear the cause. We hold to the contrary.
It was incumbent upon the prosecuting attorneys to secure [for the benefit of society as a whole] an impartial judge and, as long as they were pursuing such a cause in good faith,[3] we hold that their action may and does toll the effect of the statute in the instant case. Compare Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431; State v. Cook, Fla.App.1967, 201 So. 2d 769, cert, denied Fla., 211 So.2d 211; State v. Carroll, Fla.App. 1970, 240 So.2d 205; Woodward v. Edwards, Fla.App.1970, 244 So.2d 438. To hold otherwise would put prosecuting officials of a criminal court on the horns of a dilemma, when they had good reason to believe that a particular trial judge should not consider a certain criminal cause. They would either have to abandon the effort to secure an impartial judge or run the risk [if they sought appellate review of a failure of a trial judge to recuse himself] of losing the *738 right of prosecution through the delay occasioned by the review of the trial court’s failure to disqualify himself.
Therefore, for the reasons above stated, the order of discharge under review be and the same is hereby reversed and the appel-lee be and he is hereby remanded to the trial court for further proceedings.
Reversed and remanded, with directions.
PEARSON, C. J., dissents.

. “Issuance of Rule. If the suggestion makes a prima facie case the Court will issue a rule directing the inferior court to show cause on a day certain why the writ as prayed for should not issue; and such rule shall operate as a super-sedeas when the same has been issued and notice thereof given to respondent.”

. “From District Court to Supreme Court.

“ * * * Fnless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for certiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed or within 15 days from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; * * * ”

.Obviously the State’s position was taken in good faith. The decision in this court resulted in three different opinions being written in a 2-to-l decision, and the decision in the Supremo Court resulted in three opinions being written in a 4-to-3 decision.