McCAIN, Justice.
By petition for writ of certiorari, we have for review an order of the District Court of Appeal, Fourth District, rendered on March 3, 1971, and reported at 244 So. 2d 766, denying petitioner’s request for writ of mandamus and discharging the alternative writ. Conflict is asserted with our decision in State ex rel. Leon v. Baker, 238 So.2d 281 (Fla.1970).
Initially, it is appropriate to make some general observations concerning stay of lower court proceedings during pen-dency proceedings at the appellate level. Rule 4.5c(6), F.A.R., 32 F.S.A., provides that a petition for writ of certiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed automatically stays further proceedings below. However, if the petition is filed more than 15 days from the rendition of the decision below, the petition operates as a stay only upon order of the Supreme Court or of the Chief Justice thereof after due notice to the adverse party.
In the case of a writ of prohibition, issuance of the rule to show cause operates as a supersedeas, and thereby also automatically stays the proceedings below. Rule 4.5d(2), F.A.R. Mandamus, however, carries with it no automatic stay or super-sedeas (see Rule 4.5b, F.A.R.), and a petitioner must apply for a stay as occurred in the case sub judice.
Turning to the problem at hand, we note that the following terms of court of the Criminal Court of Record of Orange County are of significance to our decison: Term No. 1, November 10, 1969, through January 11, 1970; Term No. 2, January 12, 1970, through March 8, 1970; Term No. 3, March 9, 1970, through May 10, 1970; Term No. 4, May 11, 1970, through July 12, 1970; Term No. 5, July 13, 1970, through September 13, 1970; Term No. 6, *856 September 14, 1970, through November 8, 1970; Term No. 7, November 9, 1970, through January 10, 1971; Term No. 8, January 11, 1971, through March 7, 1971; and Term No. 9, March 8, 1971, through May 9, 1971.
During the first term, supra, petitioner was indicted for bribery on December 12, 1969! On December 17, he was arrested and released on bond. On January 6, 1970, he filed his first demand for speedy trial.
During the second term, supra, an information; alleging bribery, was filed by the state on January 12, 1970, and petitioner filed his second demand for speedy trial on January 13.
During the third term, supra, petitioner filed his third demand for speedy trial on March 12, 1970. On March 19, and April 29, the state filed a first amended information and second amended information, respectively.
During the fourth term, supra, petitioner filed a fourth demand for speedy trial on May 11, 1970. Then on June 18, he orally moved to be discharged. Trial was set for June 22. This motion was denied. On June 19, petitioner filed a suggestion for writ of mandamus or alternatively a writ of prohibition in the Fourth District Court of Appeal. On June 22, petitioner’s suggestion was denied by the District Court of Appeal, and on the same date petitioner filed certiorari with the Supreme Court. As heretofore stated, this stayed all proceedings until disposed of by our Court.
During the fifth term, supra, our Court denied the petition for certiorari on July 23, 1970. A timely petition for rehearing was filed on August 7, 1970. Petitioner then filed a fifth demand for speedy trial on August 19 (still during the fifth term).
During the sixth term, supra, petitioner filed a sixth demand for speedy trial on September 14, 1970. On September 21, our Court denied the petition for rehearing. On October 1, petitioner moved for discharge. This was denied and the trial judge set trial for December 2.
During the seventh term, supra, petitioner filed yet another motion for speedy trial (on November 13), and on December 1, the day before his trial was scheduled, he sought a writ of mandamus and stay of proceedings with the Fourth District Court of Appeal. On this same day, the District Court issued both the alternative writ and the stay.
During the eighth term, supra, the District Court denied the petition and discharged the alternative writ on January 27, 1971. A petition for rehearing was timely filed on February 9, 1971.
During the ninth and final term of court under consideration, the petition for rehearing was denied by the District Court on March 16, 1971. On March 31, 1971, the 15th day following rendition of the rehearing denial, petitioner sought certiorari here, thereby staying further proceedings below pending our disposition of the cause.
It is apparent the decision under consideration from the District Court of Appeal stands without conflict.
In denying petitioner’s second mandamus petition on December 1, 1970, the Fourth District Court of Appeal cited Woodward v. Edwards, 244 So.2d 438 (Fla.App. 4th, 1970), cert. discharged 249 So.2d 16 (Fla. S.Ct, filed June 9, 1971) and State v. Carroll, 240 So.2d 205 (Fla.App. 3rd, 1970), both of which cases hold, among other things, that three full terms of court following date of commitment must pass before the accused is entitled to discharge. Sub judice, trial was set during the third full term following commitment, so that under the theory of both Woodward and Carroll petitioner was not entitled to discharge.
Leon did not involve the issue of discharge during the third full term because that defendant did not seek discharge until after expiration of the third full term. Therefore, no conflict exists here.
However, we point out that petitioner invoked F.A.R. 4.5c (6) which provides for an automatic stay of proceedings in *857 those instances where certiorari is filed in our Court within IS days from the date of rendition of the order or decision sought to be reviewed. This reached the same result as did the petitioner in Woodward. Therefore, petitioner herein waived his right to have Terms No. 4, 5, 6 and 9 considered as one of the three full terms within which he could be tried. In Term No. 7, petitioner specifically sought both mandamus and a “stay” with the District Court of Appeal. The stay was granted, and, inasmuch as the writ was not disposed of until Term No. 8, petitioner also waived his right to have Terms No. 7 and 8 considered as full terms. He was arrested and released on bond during Term No. 1. There were, therefore, only two full terms within which he could have been tried: Terms No. 2 and 3.
It is apparent that the District Court of Appeal was correct in denying petitioner’s requested relief. The only delays at the trial level were delays occasioned through proceedings initiated and sought by petitioner. Accordingly, certiorari is denied.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DEKLE, JJ, concur.