251 So.2d 866 (1971)
Earl Jackson CARROLL, Petitioner,
v.
The STATE of Florida, Respondent.
No. 40475.
Supreme Court of Florida.
July 12, 1971.
Rehearing Denied September 17, 1971.
*868 Harold Mendelow, of Manners & Amoon, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for respondent.
McCAIN, Justice.
Petitioner seeks certiorari to the Third District Court of Appeal which reversed the order of the Dade County Criminal Court of Record dismissing charges against petitioner pursuant to former Fla. Stat. § 915.01(2), F.S.A., commonly referred to as the speedy trial statute. See State v. Carroll, 240 So.2d 205 (Fla.App.3rd, 1970).
The terms of court under consideration in this review, are: Term 1, February 11 through April 7, 1969; Term 2, April 8 through June 9, 1969; Term 3, June 10 through August 11, 1969; Term 4, August 12 through October 13, 1969; Term 5, October 14 through December 8, 1969; Term 6, December 9, 1969 through February 9, 1970; Term 7, February 10 through April 13, 1970; Term 8, April 14 through June 8, 1970; Term 9, June 9 through August 10, 1970.
On April 1, 1969, petitioner was indicted by a grand jury, arrested, and released on bond. On April 2, 1969, his first demand for speedy trial was filed, followed by demands on April 10, 1969, June 13, 1969, October 6, 1969, December 16, 1969, February 16, 1970, and April 23, 1970. Of the terms above described demands were filed in all but Terms 5 and 9.
On April 11, 1969, the state filed an information based upon the indictment charging petitioner and one Sy Chadroff with (1) conspiracy to solicit a bribe and (2) soliciting a bribe.
Term 1 alluded to above cannot be considered a full term because the arrest occurred during that term, on April 1, 1969; however, petitioner's initial demand for speedy trial filed during that term constituted the first of three consecutive demands under the statute.
A second demand was filed during Term 2, on April 10, 1969, and the term expired without further events. This term constituted the first full term following petitioner's arrest.
Prior to the expiration of the second full term (Term 3, supra), and after the filing of a third demand for trial, petitioner moved, on July 22, 1969, to dismiss the information. On July 24, 1969, the trial judge orally granted the motion on the grounds that petitioner's co-conspirator had been discharged because of immunity, which precluded petitioner from prosecution. Parenthetically, we note that the immunity grant and ultimate discharge of the co-conspirator, Sy Chadroff, was later reversed in State v. Chadroff, 234 So.2d 412 (Fla.App.3rd, 1970).
During the third full term (September 2, 1969) the court's oral order dismissing the information was reduced to writing. The state filed a notice of appeal (September 22, 1969).
*869 During the seventh full term (April 20, 1970) the District Court of Appeal reversed the dismissal and its mandate was filed on May 8, 1970. State v. Carroll, 234 So.2d 415 (Fla.App.3rd 1970). Trial was then set for July 6, 1970. Petitioner moved (May 22, 1970) for discharge, alleging violation of his right to speedy trial under Fla. Stat. § 915.01(2), F.S.A.
During the eighth full term, the trial judge granted petitioner's motion for discharge (June 22, 1970) and the state appealed (July 2, 1970).
On October 28, 1970, the District Court of Appeal reversed petitioner's discharge. State v. Carroll, 240 So.2d 205 (Fla.App. 3rd, 1970). This certiorari proceeding followed.
In its decision the District Court of Appeal stated:
"The three term period in which the defendant could have been brought to trial had not expired when the information was dismissed. So long as the dismissal order stood, there could be no trial on that information. It seems clear without a need for further elaboration that the speedy trial statute did not afford a basis for discharging the defendant in the circumstances disclosed."
Obviously, petitioner filed demands during three consecutive terms of court and three full terms of court expired without trial. The District Court of Appeal apparently deemed all time tolled pending appeal by the state from the trial judge's dismissal of the information. We disagree and find conflict with State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970), and State ex rel. Leon v. Baker, 238 So.2d 281 (Fla. 1970).
Initially, it should be pointed out that Fla. Stat. § 915.01(2), F.S.A., implementing the constitutional right to a speedy trial and requiring trial after three successive demands during three full terms of court, also reads in pertinent part:
"* * * he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance." (emphasis supplied)
It is clear that petitioner did not prevent the attendance of witnesses. Neither did he seek a continuance. He sought a dismissal of the information on grounds meritorious enough to win the agreement of the trial judge. Under these circumstances, his action could hardly be considered either dilatory or capricious, or a disguised attempt to obtain a continuance. On the contrary, petitioner's assertions, coupled with the judge's ruling, give every indicia of sincerity and genuineness. Ergo, it becomes necessary to consider whether the pendency of the state's appeal is to be deemed a "continuance" or "tolling of time" as a matter of law under Fla. Stat. § 915.01(2), F.S.A. We think not.
In State ex rel. Johnson v. Edwards, supra, we stated:
"The accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused;"
However, in that case we also distinctly stated the following:
"Respondent now argues that in seeking his constitutional right to a trial by an impartial jury, petitioner forfeited his constitutional right to a speedy trial.
"We do not believe such to be the case. While Sec. 915.01(2) should apply, and the continuance provision apply, when a continuance is sought for the mere convenience of the accused, we hold that it was not intended to apply when an accused takes such steps as are necessary to protect his fundamental rights."
Sub judice, should petitioner's good faith attempt to obtain discharge because of insufficiency of the information (which convinced the trial judge) preclude him from *870 asserting his right to a speedy trial under the statute? Again we think not.
An accused has a right to be charged by an information free of defects and fatalities patent on its face, such as misjoinder and vagueness. Rule 1.140, Cr RP, 33 F.S.A. The sufficiency or validity of an information in this respect may be tested by motion to dismiss. Rule 1.190(b), CrRP. To hold that a genuine motion testing the validity of an information tolls the running of the speedy trial statute places an accused in the anomalous position of waiving his guarantee of a speedy trial in order to assert the insufficiency of the information lodged against him. This we decline to do. Accord, see 27 Wash. & Lee L.Rev. 175, #1, "The Defendant's Dilemma: Valid Charge or Speedy Trial."
Such a result accords not only with the language of Fla. Stat. § 915.01(2), F.S.A., but also with our pronouncement in Johnson, supra, and in State ex rel. Leon v. Baker, supra, wherein we stated:
"By agreeing to participate in some proceeding at a certain date within three successive terms, a defendant does not waive the right to protect himself should trial not materialize through no fault of his own by the end of three terms."
The information herein was originally dismissed, not because the charge against petitioner was improper, but because of a misjoinder of a co-conspirator who had received immunity and been discharged. It was only after petitioner's motion to dismiss was granted that the discharge of the co-conspirator was reversed on appeal.
The state could easily have filed another information against petitioner alone and proceeded to trial. Instead, it chose to appeal the dismissal of the original information joining the two defendants, which it was clearly the state's right to do. State v. Schroeder, 112 So.2d 257 (Fla. 1959). In such instance, however, the state's election to appeal did not toll or stay the running of the time within which petitioner was entitled to a speedy trial, when the same had been demanded properly under the statute.
Although it may appear at first blush that this result allows petitioner an unfair advantage over the state, we conclude that the equities are balanced and the parties evenly pitted against each other in these matters involving speedy trial under Fla. Stat. § 915.01, F.S.A.
The state exercised its right to appeal under the provisions of Fla. Stat. § 924.07, F.S.A., providing in part:
"§ 924.07. Appeal by State.  An appeal may be taken by the state from:
"(1) An order quashing an indictment or information or any count thereof; * * *"
Interestingly, no stay of proceedings is automatically invoked by statute or rule when such an appeal is taken. Instead, the automatic stay proceeding afforded the state is contained in Fla. Stat. § 924.071, F.S.A., providing in pertinent part:
"(1) The state may appeal from a pretrial order quashing a search warrant or suppressing evidence * * * or suppressing a confession or admission made by a defendant. * * *
"(2) The taking of such an appeal by the State before the trial commences shall automatically stay the cause in which the order appealed from is entered * * * until such appeal is determined * * *."
The distinction between these two statutes, one granting an automatic stay and the other not affording a stay, is clear. If an indictment or information is quashed or dismissed the state must then elect to either appeal or refile, or pursue both remedies, if available. Meanwhile, the accused's right to be tried on the accusation against him continues if he has invoked his privilege of filing demands for speedy trial *871 under Fla. Stat. § 915.01(2), F.S.A. If the accused has not invoked the statute then no rights accrue thereunder and his trial status remains in limbo. The state, obviously, is on notice of either occurrence. However, turning to Fla. Stat. § 924.071, F.S.A., if evidence is suppressed or a search warrant quashed, the information or indictment naturally remains as the official accusation against the accused, but if the state appeals the proceedings are automatically stayed until this issue is disposed of on appeal. Statutes or rules providing for automatic stays must be read in pari materia with the speedy trial statute, and when so construed, the accused's right to trial is tolled as being subservient to overall decorum when the law provides for such an automatic stay. Obviously, the grant of an automatic stay does not require an affirmative request by the party receiving it. Naturally, a party who affirmatively seeks a stay, and receives it, should be chargeable with its consequence, the same as with a continuance, when considering the applicability of the speedy trial statute.
The state's appeal, however, was not taken under the purview of Fla. Stat. § 924.071, F.S.A., and the time for speedy trial having been invoked by petitioner continued to run. Of course this works against the state, but it is not inconsistent with those limitations accompanying the restricted remedies of review afforded an accused from an adverse ruling on allegations of violation of right to speedy trial under Fla. Stat. § 915.01(2), F.S.A. In such event, the accused had no right (and still doesn't) to an interlocutory appeal. His remedy was and is primarily limited to either a petition for writ of mandamus or petition for writ of prohibition. If he elects to proceed to the appellate court under mandamus, he is not entitled to an automatic stay and therefore subjects himself to the possibility of trial while his mandamus proceeding is pending. F.A.R. 4.5(b), 32 F.S.A. If he petitions for a stay of proceedings and receives it, he then forfeits his rights accruing under the speedy trial statute. If he elects to proceed through prohibition, an automatic stay is instituted once the rule has been issued, thereby subjecting the accused to a tolling of time while his petition is pending. F.A.R. 4.5 d (2). Furthermore, in the event of an adverse ruling under either procedure by the District Court of Appeal, where the accused elects to apply for certiorari to our Court within 15 days of the ultimate disposition by the District Court another automatic stay of proceedings is imposed. F.A.R. 4.5 c (6). If the petition is filed within 30 days but after 15 days, then no stay is automatically provided, and any affirmative action by an accused securing such would be construed against his request for speedy trial.
An accused is therefore again placed on the horns of a dilemma in this instance, i.e., the election of the vehicle by which to secure review of his good faith claim over violation of his right to speedy trial, as opposed to the gauntlet he will have to run if he makes the wrong choice. On the one hand he will be subject to trial pending review of a good faith claim. On the other hand, his right to a speedy trial is suspended pending his review.
In our case, the state chose to appeal, where no stay of proceedings was afforded, to correct the trial judge's error in improperly dismissing the information. Meanwhile, pending the appeal, a new information could have been filed and the case prosecuted to trial. But the state declined to proceed and must bear the adverse result.
This conclusion is consistent with previous pronouncements of our Court to the effect that the speedy trial statute applies to the "crime" charged and not to any specific indictment or information filed thereon. State ex rel. Bird v. Stedman, 223 So.2d 85 (Fla.App.3rd, 1969); Gossett v. Hanlon, 195 So.2d 865 (Fla.App.4th, 1967).
Petitioner's right to a speedy trial under the cited statute has been violated and he is entitled to be discharged.
*872 The order of the District Court of Appeal is quashed and the cause is remanded with instructions to reinstate the order of the criminal court of record discharging petitioner.
It is so ordered.
ERVIN, CARLTON and ADKINS, JJ., concur.
ROBERTS, C.J., dissents with opinion.
DEKLE, J., dissents with opinion.
BOYD, J., dissents.
ROBERTS, Chief Justice (dissenting):
Jury trial was promptly set for this appellant after fair consideration was given to his appeal in the Third District Court of Appeal. State v. Carroll, 234 So.2d 415 (3d DCA Fla. 1970). That court pointed out that the three-term period in which this defendant could have been brought to trial had not expired at the time the Criminal Court of Record dismissed the information against him. It was pointed out that there could of course be no trial on the information so long as the dismissal order stood and the appellant was afforded the earliest trial date after its affirmance in that Third District Court.
It seems clear that appellant was afforded his rights under the statute and the effect of the majority opinion is to deny the state its equal right of appeal.
I therefore respectfully dissent.
DEKLE, Justice (dissenting):
The discharge of appellant on the tenuous statutory grounds set forth raises the rights of an accused above those of the people to have guilt or innocence set at rest.
This result fails to serve the ends of justice.