PER CURIAM.
This case appears before us on petition for writ of certiorari supported by a certificate of the Third District Court of Appeal asserting that its decision is one which involves a question of great public interest since it concerns an accused’s right to speedy trial delayed by actions of prosecuting officials. Under Section 4(2), Article V, Constitution of Florida, F.S.A., we have jurisdiction.
The essential circumstances, background and issue are set forth in the decision under review reported at 249 So.2d 736.
Our construction of petitioner’s right to a speedy trial is limited to a review of our former speedy trial statute, Fla.Stat. 915.-01(2), and we trust it will be one of the last for consideration.
On January 29, 1970, petitioner was charged by information with grand larceny and conspiracy. On February 9, 1970, he filed his first motion for speedy trial. This was followed on February 13, 1970, by the state’s motion to disqualify the trial judge which was denied. A sequel of events then ensued instituted by the state which ostensibly tolled the running of the time within which the petitioner was to be tried, i. e., writ of prohibition by the state to the District Court of Appeal, issuance of a rule nisi, discharge of the rule, writ of certiorari by the state to our Court within fifteen (15) days, and a discharge of certiorari by us followed by denial of rehearing. Then, petitioner moved for a discharge and the trial judge granted it. An appeal followed and the Third District Court of Appeal reversed, but certified its decision, and, the petitioner now appears before us again.
The record clearly establishes that five (5) consecutive demands for a speedy trial were made, four of which were in four consecutive terms of court.
The state essentially contends that the time within which to try the petitioner (three full terms of court) was tolled by virtue of our decision in Carroll v. State, Fla.1971, 251 So.2d 866. Such conclusion, however, overlooks several important factors.
Carroll established that the time within which trial of the accused was to have commenced was not tolled since the state took an appeal under Fla.Stat. 924.07, F.S. A., where no automatic stay of proceedings was afforded. Even if such were provided for, as the state here contends under the provisions of F.A.R. 4.5, subd. d(2) and F.A.R. 4.5, subd. c(6), 32 F.S.A., it was expressly invoked through action of the *132 state. Therefore, we must point out that in Carroll we also concluded:
“Naturally, a party who affirmatively seeks a stay, and receives it, should be chargeable with its consequence, the same as with a continuance, when considering the applicability of the speedy trial statute.”
Thus, if a defendant affirmatively sought and received a stay or continuance he naturally would be deemed to have waived his right to a speedy trial under the former statute. The state now asserts a waiver of petitioner’s right through its own maneuvers, an action obviously not contemplated by the former statute which implemented petitioner’s constitutional guarantee to a speedy trial.
Such conclusion is compatible with and apparent from our pronouncement in State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393, (also construing the repealed statute), as follows:
“The accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused.”
Sub judice, petitioner was available for trial, made the required demands for speedy trial, did not prevent the attendance of witnesses and did not file pleadings seeking a continuance. Irrespective of the state’s motive, the delay herein was occasioned through state action and cannot be obviated in construing the former speedy trial statute. Significantly, however, we point out that the rigidity surrounding the former speedy trial statute (since repealed and replaced by Florida Criminal Rules of Procedure, Rule 3.191, 33 F.S.A., effective March 1, 1971) has been greatly reduced and now places greater discretion in the trial judge through his ability to determine “exceptional circumstances” for granting a delay.
Therefore, the opinion of the Third District Court of Appeal is quashed and this cause is remanded for reinstatement of the trial court’s discharge of the petitioner.
It is so ordered.
ERVIN, CARLTON, ADKINS and McCAIN, JJ., concur.
ROBERTS, C. J., and DEKLE, JJ., dissent.