233 So.2d 393 (1970)
STATE of Florida ex rel. James A. JOHNSON, Appellant,
v.
Honorable Warren H. EDWARDS, As Judge of the Criminal Court of Record, Orange County, Florida, Appellee.
No. 38482.
Supreme Court of Florida.
March 18, 1970.
Rehearing Denied April 23, 1970.
*394 Harry M. Hobbs of Hobbs, de la Parte & Gonzalez, Tampa, for appellant.
Earl Faircloth, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is an appeal from an opinion of the District Court of Appeal, Fourth District (219 So.2d 450) discharging in original proceedings, an alternative writ of mandamus which initially construed § 11, Declaration of Rights, Fla. Const. (1885), F.S.A. and the Sixth Amendment to the United States Constitution. These provisions guarantee the defendant in a criminal case the right to a speedy and public trial by an impartial jury. We have jurisdiction. Sec. 4(2), art. V, Fla. Const.
Petitioner alleges he was charged, in an information filed June 27, 1966, with perjury in Hillsborough County. After long delay, petitioner, on September 28, 1967, filed his first demand for trial during the October term. His case was not set for trial. On November 15, 1967, he filed his second demand for trial during the November term. His case was not set for trial. On January 18, 1968, petitioner filed his third demand for trial during the February term. His case was not set for trial. On February 23, 1968, the Judge of the Criminal Court of Record, upon motion of petitioner, granted a change of venue to Orange County. On March 6, 1968, petitioner filed a fourth demand for trial during the March term in Orange County. His case was not set for trial. Petitioner then, on May 8, 1968, filed a motion to dismiss the charge, citing Fla. Stat., § 915.01(2), F.S.A. On July 23, 1968, the Judge of the Criminal Court of Record in Orange County denied this motion to dismiss the charge. The defendant petitioned the Fourth District Court of Appeal for writ of mandamus which was denied. 219 So.2d 450. The appeal to this Court followed.
Fla. Const. (1885), Declaration of Rights, Sec. 11, provides that:
"In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury * * *."
Sec. 915.01(2), Fla. Stat., F.S.A., provides that:
"When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial * * * and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."
This section of the Florida Statutes implements Sec. 11 of the Declaration of Rights.
Petitioner contends that he met the requirements of the statute, and is entitled to be discharged. Respondent contends in rebuttal that delay was unavoidable so that the statute is not applicable, that the delays were caused by petitioner and that the demands for trial were shams.
The argument that these demands were shams merits little discussion. These demands were made as provided for in the statute. The proper response by the State would have been to bring petitioner to trial, or else to move to strike. It is too late to argue that these demands did not mean what they said.
The other two arguments of respondent were considered by the District Court, which stated:
"In order to succeed with a speedy trial claim, the accused must show that *395 the delay was caused by the state. Delay which is attributable to the defendant himself is clearly not a basis for a speedy trial claim."
This statement does not accord with previous decisions of this Court.
In Feger v. Fish, Judge, 106 Fla. 564, 143 So. 605 (1932), which arose under a prior but similar statute, the State did not "cause" the delay, but was granted continuances due to its inability to obtain service on a material witness. Meanwhile, defendant four times demanded trial, and each time was denied; the result was that term after term the defendant was required to stand ready for trial. This Court ruled that the Declaration of Rights is more than a limiter on the power of the State, and stated that in order to be entitled to be discharged, the accused must show "such delay is brought about without any fault or affirmative action on the part of the accused * * *." The accused was ordered discharged.
In Dickoff v. Dewell, Judge, 152 Fla. 240, 9 So.2d 804 (1942), continuances were granted the State six terms over objection of the accused. Three successive demands for trial were made, in vain. This Court held the accused was entitled to be discharged, even though the demands for trial were not made at the beginning of the term. The State was not at fault in that case, the delay being caused by inability to obtain presence of a material witness.
The duty of the State to provide speedy trial was examined by this Court in Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (1967). We stated therein (at 527-528) that:
"We construe our constitution as requiring the state to employ all reasonable means available to it to grant the accused the speedy trial, a right guaranteed by both our constitutions."
The District Court is correct in stating that Sec. 915.01 is intended to prevent only "unreasonable delay," but such delay includes not only delay caused by the State, but also that which it can reasonably prevent, or which is not caused by the accused. In order to be entitled to discharge, it is not necessary that the accused be the victim, as phrased by the District Court, of "oppressions or of purposeful, vexatious or arbitrary action by the state * * *." The accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused.
Respondent argues that although the accused had filed demands for trial in three successive terms in Hillsborough County, all was for naught when the accused deemed it necessary, in view of allegedly prejudicial publicity in Hillsborough County, to seek a change of venue. Respondent argues that this request for change of venue was in effect a request for continuance. The argument is attractive but not persuasive after examination of the record and the transcript. Respondent also argues that the case would have been set for trial, except for the request for change of venue; this assertion is not entirely supported by the record. Even so, it would not be conclusive of this case.
In brief, the accused found himself in a vise. His constitutional right is to a speedy trial by an impartial jury. After seeking a speedy trial, he found himself facing the risk of trial by a jury which had been exposed to pretrial prejudicial publicity. The presiding judge found this to be a real risk, when he granted the motion for change of venue.
Respondent now argues that in seeking his constitutional right to a trial by an impartial jury, petitioner forfeited his constitutional right to a speedy trial.
We do not believe such to be the case. While Sec. 915.01(2) should apply, and the continuance provision apply, when a continuance is sought for the mere convenience of the accused, we hold that it was not intended to apply when an accused takes such steps as are necessary to protect his fundamental rights. In this case, a motion *396 for change of venue apparently was necessary to protect accused's fundamental right to trial by an impartial jury. Even if the motion aborted the demand for trial for the term during which it was filed, this defect was cured by his filing of a new demand for trial at first opportunity after the case was transferred to Orange County.
The record shows that information was filed against petitioner in June 1966, and that the motion to dismiss after four demands for trial was filed in May 1968, after twenty-three months' delay, without a showing by the State that this delay was necessary to the ends of justice, or was caused by the accused. Petitioner's rights have been violated, and he is entitled to be discharged.
The opinion of the District Court is quashed and the cause is remanded to the District Court for the purpose of a further remand to the Criminal Court of Record of Orange County, Florida, with instructions that the criminal prosecution upon the charge of perjury against this defendant be dismissed.
It is so ordered.
ERVIN, C.J., DREW and BOYD, JJ., and FRIEDMAN, Circuit Judge, concur.