PER CURIAM.
Petitioner seeks mandamus to compel his discharge and the dismissal of the pending criminal accusation against him of driving while under the influence of alcoholic beverages. His predicate lies in the asserted denial of a speedy trial as provided for in F.S.1967, Section 915.01(2), F.S.A.
Upon review of the entire record, inclusive of respondent’s return, it is clear that petitioner’s right to a speedy trial has been violated and that he is entitled to the relief requested.
Five times the defendant filed his demand. No question exists that at least three of the demands were timely made at the beginning of the term of court and in proper form. Trial was withheld because in one instance of the unavailability of the state’s witness and in two instances because of a crowded docket resulting in conflicts of trials. These were not caused by the petitioner.
Quite candidly the respondent does not seriously contend the unavailability of a witness is sufficient to toll the statute. Dickoff v. Dewell, 1942, 152 Fla. 240, 9 So.2d 804; Feger v. Fish, as Judge, 1932, 106 Fla. 564, 143 So. 605.
Even though the state in this case did not “cause” the delay which arose through conflicts in trials, neither did the petitioner occasion it through any fault or affirmative action on his part. Furthermore, the record is devoid of any showing that the state employed all reasonable means available to give a speedy trial. Dickey v. Circuit Court, Gadsden County, Quincy, Fla., Fla. 1967, 200 So.2d 521.
Our Supreme Court in the recent case of State ex rel. Johnson v. Edwards, 233 So.2d 393, opinion filed March 18, 1970, in confirming that the purpose of the speedy trial statute is to prevent an “unreasonable delay”, stated “such delay includes not only delay caused by the state, but also that which it can reasonably prevent, or which is not caused by the accused” and “the accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused.”
The instant case falls squarely within these guidelines of “unreasonable delay”.
Accordingly, the peremptory writ of mandamus is issued with directions that the accused be discharged from the prosecution.
It is so ordered.
CROSS, C. J., and McCAIN, J., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.