PER CURIAM.
The petitioner filed a suggestion for a writ of prohibition in which he set up the claimed right of discharge because of his compliance with § 915.01(2) Fla.Stat., F. S.A. Rule nisi was issued and the respondent has filed a brief and a response. From the briefs and oral argument it appears that there is no substantial issue as to the fact that the petitioner has complied with the statute and is entitled to discharge unless hé has acquiesced in the continuance of the cause.
The state presents a record showing that at the time of the continuance of the cause during the third term of the court in which appropriate demand for speedy trial had been filed, the petitioner who was represented by the public defender made no comment and therefore made no objection upon the state’s request for a continuance and the court’s granting thereof. The state urges that this failure to object constitutes a waiver by acquiescence and that the petitioner is therefore not entitled to discharge.
We hold that a simple failure to object is not a waiver by ascquiescence under the provisions of § 915.01(2) Fla.Stat., F.S.A. Cf. State ex rel. Leon v. Baker, Fla.1970, 238 So.2d 281; State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393; Anderson v. Edwards, as Judge, Fla.App.1970, 234 So.2d 720.
Having reached this decision we do not issue the writ, being confident that it will not be necessary under the circumstances of this case.
It is so ordered.