HENDRY, Judge.
Michael Robert Retchin, defendant, has petitioned this court for a writ of mandamus directing the respondent, judge of the Criminal Court of Record for Dade County, Florida to enter an order dismissing pending charges against the petitioner and discharging him.
An information charging the petitioner with unlawful sale or delivery of marijuana and unlawful possession of marijuana was filed against him on April 14, 1970 (April Term). Bond was posted and he was released on or about January 15, 1970, following his arrest a day earlier, and prior to the above information being filed.
Thereafter petitioner filed three successive written demands for a speedy trial in three successive terms of court and served a copy of each upon the prosecuting attorney pursuant to the provisions of Section 915.01(2) Fla.Stat., F.S.A.:
“(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not pre *169 vented by himself, and he has filed no pleading seeking a continuance.”
(This statute has recently been amended, Ch. 70-339, Laws of Florida, 1970, effective July 2, 1970.) These demands were made on June 8, 1970 (April Term), June 18, 1970 (June Term), and August 19, 1970 (August Term). See § 32.03(4) (a), Fla. Stat., F.S.A. Notwithstanding such demands for a speedy trial petitioner was not brought to trial at or before the expiration of three terms of court. (The state contends that three full terms of court have not passed since the defendant commenced filing demands for speedy trial, and is therefore not entitled to discharge.)
On October 15, 1970 petitioner filed his motion with the trial court for dismissal and discharge. On October 26, 1970 the court entered an order reserving ruling pending determination of the constitutionality of § 915.01(2), supra.
We have carefully reviewed the record in the light of the statute and have concluded that the petitioner is entitled to an order of dismissal and discharge, since the state failed to grant his demands for a speedy trial. These demands were made in three successive terms of court in accordance with the provisions of § 915.01 (2), and the delays were not caused by the accused.
The Fourth District in Anderson v. Edwards, Fla.App.1970, 234 So.2d 720, 721, issued the peremptory writ of mandamus with directions to discharge the defendant under § 905.01(2), Fla.Stat., F.S.A, and said:
“Our Supreme Court in the recent case of State ex rel. Johnson v. Edwards, 233 So.2d 393 * * * in confirming that the purpose of the speedy trial statute is to prevent an ‘unreasonable delay,’ stated ‘such delay includes not only the delay caused by the state, but also that which it can reasonably prevent, or which is not caused by the accused’ and ‘the accused is entitled to a speedy trial and the only delay which is to be excused is delay which is caused by the accused.’ ”
Accord: Johnson v Edwards, Fla.1970, 233 So.2d 393; State ex rel. Leon v. Baker, Fla.1970, 238 So.2d 281, 283. Similarly, in State ex rel. Buono v. Goodman, Fla.App. 1970, 233 So.2d 185, 187, the defendant there filed his first demand for trial less than one week before the conclusion of that term of the trial court; in deciding that the discharge of the petitioner was required, this court stated:
“* * * the statute, [§ 915.01(2), Fla. Stat, F.S.A.] * * * implements the constitutional right to a speedy trial.”
See: State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393, 395; Clark v. Edwards, as Judge, Fla.App.1970, 234 So.2d 399. See also State v. Carroll, Fla.App. 1970, 240 So.2d 205.
We withhold the issuance of a formal peremptory writ in full confidence that the trial court will enter an order dismissing the charges and discharging the petitioner in accordance with our holding herein. See also: State ex rel. Flowers v. Goodman, Fla.App.1970, 241 So.2d 457.