MAGER, Judge.
Petitioner, Richard Harris, filed an application for writ of mandamus alleging essentially that the state failed to prosecute the petitioner in accordance with Rule 3.-191, F.R.Cr.P., 33 F.S.A., commonly referred to as “speedy trial rule”. An alternative writ of mandamus was issued commanding the respondent judge of the Court of Record for Broward County, Florida to enter a judgment of acquittal or in the alternative to show cause why a writ of mandamus should not issue. The respondent has filed a return urging this court to discharge its alternative writ and predicates its position primarily upon the inadequacy of the notice of the demand for the speedy trial and the conduct of the petitioner as constituting a waiver and acquiescence of the right to a speedy trial.
The record indicates that on November 2, 1971, the State of Florida filed an information against the petitioner for possession of marijuana. On November 12, 1971, petitioner submitted a written instrument entitled “Notice of Intention to Plead Not Guilty” which was filed in the court file on November 15, 1971. The instrument is a printed form containing spaces to be completed by the defendant. The pertinent portions of this instrument are set forth with the language inserted by the defendant appearing in brackets:
“NOTICE OF INTENTION TO PLEAD NOT GUILTY
“COMES now to the defendant in the above styled cause by and thru his undersigned attorney and informs the Court that:
a. The above defendant is scheduled to be arraigned on [Nov.' 17, 1971 at 10:00 A.M.] ' '
*392 b. The defendant hereby informs the Court of his intention to plead not guilty and requests a trial [by Court.]
c. The defendant consents to be formally arraigned at the time of trial and requests the Court to set the above case for trial.
[d. Defendant requests a speedy trial.]” [1]
The petitioner was arraigned before Judge Seay, another Judge of the Court of Record of Broward County, on November 17, 1971, at which time petitioner entered his plea of not guilty. The case was initially set down for trial on January 6, 1972, and the case assigned for trial purposes to the respondent. At this juncture it would be well to set forth the pertinent provisions of Rule 3.191 applicable to this proceeding:
“(a)(2). Speedy Trial Upon Demand.
“Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. . . . ”
It is clear from the foregoing that the date initially set for the trial, to wit, January 6, 1972, was within the scope of Rule 3.191.
On January 6, 1972, the court on its own motion continued the trial; both petitioner and his attorney were present in court on that date and assumingly were prepared for trial. The case was next set for trial February 16, 1972, and again on that date the court on its own motion continued the trial until March 30, 1972; petitioner and his attorney were both present in the court on the date of this second continuance. No objection to the aforementioned continuances was made either by petitioner or his attorney. Prior to the trial on March 30, 1972, petitioner moved that the cause be dismissed for failure of State to prosecute within 60 days, as required by the speedy trial rule. On April 6, 1972, respondent denied petitioner’s motion to dismiss basing its denial in part on the particular form of the “demand”, i. e., that the demand for speedy trial was embodied within a document entitled “Notice of Intention to Plead Not Guilty” and contained the words “Defendant ‘requests’ a speedy trial”. In further support of the denial of petitioner’s motion, respondent’s order also sets forth several deficiencies which we feel are not material to the disposition of the writ.
The substance of respondent’s position as reflected by the order and as set forth in its return is that petitioner failed to make a proper “demand” for a speedy trial within the contemplation of Rule 3.191 and further that by failing to object to the continuance on January 6, 1972, (to a trial on February 16, 1972 outside of the 60-day limit) petitioner waived his right to a speedy trial.[2]
*393 Considering the respondent’s position in reverse order, we hold that a simple failure to object to a continuance by the court on its own motion is not a waiver by acquiescence of the right to a speedy trial providing that a demand for such speedy trial has been made within the meaning of Rule 3.191. State ex rel. Flowers v. Goodman, Fla.App.1970, 241 So.2d 457.
We further hold however that the petitioner’s “request” for a speedy trial embodied within a written instrument entitled “Notice of Intention to Plead Not Guilty” does not constitute a proper “demand” within the meaning, spirit and intention of Rule 3.191. The object of the “demand” is to put the State (prosecutor) on notice that the accused is seeking to be tried within the 60-day period; neither the rights secured to a defendant nor the rights of public justice are served when a “demand” is submerged within an instrument unrelated to “speedy trial”. See State ex rel. Wincor v. Turner, Fla.App. 1969, 222 So.2d 763.[3] While the speedy trial rule does not specifically delineate the particular form of “demand”, reason and logic would suggest the assertion of such “right” through the means of an instrument which deals exclusively with that subject matter. If the State is to be held to a specific time period within which to bring an accused to trial then it is not unreasonable to require an accused to assert his right in such a manner as to properly put the State on notice of such assertion.[4]
We do not suggest the imposition of an “inflexible” rule governing the form of demand as this, we feel, should be a determination made by the Florida Supreme Court under its rule making powers. However, in the absence of such a defini-five rule, we would impose a “rule of reason” and require that a “demand” for a speedy trial be made in such a manner as to clearly reflect notice to the state of the assertion of such right.
Accordingly, the petition is hereby denied, and the alternative writ heretofore issued is discharged.
CROSS, J., concurs.
OWEN, J., concurs in part and dissents in part with opinion.

. Paragraph d is a typewritten entry added to the written instrument which contained the printed paragraphs a, b and c.

. Defendant offered no objection on February 16, 1972, to the court’s continuance of the trial to March 30, 1972.

. To hold otherwise would seemingly encourage a carefree assertion of the “demand” in any way, shape or form resulting in a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.

. See the recent decision of the Supreme Court of the United States in Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1, filed June 22, 1972, discussing the speedy trial rule and in effect rejecting the necessity of establishing a specified number of days or months by which to measure the speedy trial right.