**STATE, ex rel. RUVERA v. RUBIERA, Judge et al.**
No. 72-19463.
Circuit Court, Dade County.
March 20, 1973.

Phillip A. Hubbart, Public Defender, Mark King Leban, Assistant Public Defender, and Bruce Levy, Assistant Public Defender, for the relator.

Richard E. Gerstein, State Attorney, and John Durant, Assistant State Attorney, for the respondents.

SAM I. SILVER, Circuit Judge.

This cause came before me on relator's suggestion for a writ of prohibition. The suggestion alleged that the relator had been denied his right to a speedy trial as guaranteed by Rule 3.191(a)(1) of the Florida Rules of Criminal Procedure due to unjustified prosecutorial delay, and therefore, the respondents are without jurisdiction or authority to try the relator. This court issued its rule nisi. Based upon the suggestion, response and oral argument, it is considered, ordered and adjudged —

That it is the finding of this court that the relator, an indigent, was arrested on April 30 and May 15, 1972, pursuant to two justice of the peace misdemeanor warrants. The record does not reflect that relator was at either time advised of his right to a public defender as required by section 21-22 of the Code of Metropolitan Dade County. This ordinance specifically states that all persons arrested for a violation of any metropolitan ordinance —

> "shall be advised of the charge against them, of the existence of the county public defender, of his availability to defend the indigent and shall be afforded an opportunity to communicate with the public defender or a member of his staff."

That on May 22, 1972 a preliminary hearing was held before a justice of the peace. The relator was bound over for trial at the hearing.

That on June 22, 1972 the relator appeared for trial before a judge of what was at that time the metropolitan court in and for Dade County. This was the first indication in the record since relator's initial arrest, 53 days earlier, that he was advised of his right to a public defender. Relator signed a petition of insolvency. A continuance was ordered, and charged to the relator, on the grounds that since relator was without counsel, he was not prepared for trial.

That on July 24, 1972 the relator again came to trial, but the case was continued at the request of the state.

That on August 29, 1972 relator once again came to trial, but again the case was continued at the request of the state. A motion to dismiss and discharge the relator for lack of a speedy trial pursuant to Rule 3.191(a)(1) of the Rules of Criminal Procedure was denied.

That on September 15, 1972 relator's second motion to dismiss and discharge was denied.

Based on the above findings it is the opinion of this court that the denial of relator's motion to dismiss and discharge for lack of a speedy trial pursuant to Rule 3.191(a)(1) of the Rules of Criminal Procedure was error. The rule dictates that a defendant charged with a misdemeanor must be tried within 90 days from the time of arrest, if no demand for a speedy trial was made. No such demand was filed in either of these cases, and therefore, relator was entitled to be discharged in case no. C-101-440 on July 29, 1972, and on August 13, 1972 in case no. C-101-439.

Respondents' contention that the continuance on June 22, 1972 for the appointment of counsel should void the relator's right to a speedy trial within the 90 day period of Rule 3.191(a)(1) is without merit in this case. The respondent relies on the Supreme Court's decision in State, ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971), where the court held that a continuance for the purpose of allowing counsel additional time for the preparation of a defense voids a defendant's right to a speedy trial within the original time limit of the rule. But in the instant case relator's trial was continued because he had no counsel.

A continuance for the appointment of counsel, where a defendant has not previously been advised of his right to counsel, falls more squarely within the holding of State, ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970). There the Supreme Court held that a continuance granted for a change of venue did not void the defendant's right to a speedy trial because the continuance was a step necessary to protect a fundamental right, i.e., the right to a fair trial. The right to counsel for an indigent in misdemeanor

cases where there is a possibility of jail time was recently established by the United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). There can be no doubt the right to counsel is a fundamental right because with regard to the many rights guaranteed by the bill of rights, the right to counsel is paramount, for it is the medium through which all other guarantees are made a reality. Steadman v. Duff, 302 F.Supp. 313, 314, (M.D. Fla. 1969).

If the mandate of section 21-22 of the Code of Metropolitan Dade County had been followed, and the relator had been advised of his right to counsel and put in contact with the public defender at the time of his arrest, then, and only them, might *Cullen* apply; the burden would be on the state to show such compliance. But since section 21-22, supra, was not followed, to hold that the continuance ordered on June 22, 1972 for the appointment of counsel is chargeable to the relator would be tantamount to a ruling that the fundamental right to counsel is made conditional on the waiver of the fundamental right to a speedy trial. Such conditioning of one constitutional right on the waiver of another is impermissible. Cf. State, ex rel. Johnson v. Edwards, supra.

Therefore, this court issues its writ of prohibition and orders that the charges pending against the relator in cases number C-101-440 and C-101-439 be dismissed and the relator discharged.