336 So.2d 709 (1976)
John GERECA, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2034.
District Court of Appeal of Florida, Fourth District.
August 13, 1976.
Rehearing Denied September 27, 1976.
Bruce Zeidel, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
DAKAN, STEPHEN LEE, Associate Judge.
Appellant appeals the judgment and sentence of the trial court pursuant to a jury verdict finding him guilty of breaking and entering a building with intent to commit a felony and grand larceny.
The only issue before this Court is the application of Rule 3.191, Florida Rules of Criminal Procedure, "Speedy Trial," to the facts of this case.
The Appellee filed an information charging appellant with the crimes for which he was ultimately convicted. The record shows he was arrested in connection with these charges on April 5, 1975.
On May 16, 1975, the Appellee filed a motion for continuance alleging that the victim would be out of the state and unavailable for trial until sometime in September of 1975. The motion asked that the case be placed on the trial docket for the first available trial week in September. No disposition of this motion is reflected in the record.
On June 10, 1975, Appellant filed a demand for speedy trial demanding that he be brought to trial within 60 days. Appellee, on June 18, 1975, filed another motion for continuance. The motion alleged that the trial was set for July 7, 1975, and that the victim would be out of town as a steward on a ship until September of 1975. Appellee *710 contended in the motion that this was an essential witness and that his absence was an exceptional circumstance under Rule 3.191(f), Florida Rules of Criminal Procedure.
The trial court, on June 27, 1975, entered an order finding exceptional circumstances as defined in the rule and set the case for "the top of the trial calendar for the first available trial week in September, 1975." This was apparently the week of September 8, 1975, for on September 5, 1975, Appellee filed a motion for continuance alleging that another material witness was presently out of state and Appellee was only informed of this on September 5. The motion stated that the witness was under subpoena, and that his testimony was vital to the Appellee's case because he witnessed many of Appellant's activities during the time periods alleged in the Appellee's information. Appellee requested a one week continuance and said he could locate the witness and present his testimony at trial. This motion was followed, on September 8, 1975, by another motion seeking an "extension of speedy trial time" and apparently alleging that the facts stated in Appellee's motion of September 5, 1975, constituted exceptional circumstances as defined in Rule 3.191(f)(iii), Florida Rules of Criminal Procedure.
The record does not reflect the disposition of these motions but apparently the case was continued until the week of September 1, 1975, when it was tried and a guilty verdict returned. After this trial, the Appellant filed a motion for discharge claiming he had been denied his right to a speedy trial. This motion was denied by the trial court.
Appellant relies almost entirely upon this Court's opinion in Anderson v. Edwards, 234 So.2d 720 (4th D.C.A.Fla. 1970) and the general language of Rule 3.191, Florida Rules of Criminal Procedure. In Anderson, supra, we indicated that unavailability of a witness was not sufficient to toll the provisions of Section 915.01(2), Florida Statutes. That Statute has since been repealed, but it provided for a discharge of a defendant upon demand if he had not been tried within three successive terms of court. The only exception was a filing for a continuance by the defendant or prevention of attendance of witnesses by the defendant. See Section 915.01(2), Florida Statutes (1967).
Rule 3.191(f), Florida Rules of Criminal Procedure, provides for continuances and extension of the speedy trial time limits imposed by the rule on a showing of "exceptional circumstances." The trial court in this case found such exceptional circumstances in its order of June 27, 1975, which set the case for the first available trial week in September. Appellant has not attacked this order nor the finding upon which it was based. We note, parenthetically that without this order, the 60-day provisions of Rule 3.191(a)(2) Florida Rules of Criminal Procedure, would have expired prior to September of 1975. We also note that Appellant was tried within 180 days from his arrest.
By its order of June 27, 1975, the trial court extended the provisions of Rule 3.191(a)(2) beyond the 60-day limit. Once the time limitations set forth in the rule were no longer applicable, the trial court was still required to grant Appellant a speedy trial. At this point, however, the right to speedy trial is relative, and the question of whether a trial date affords a defendant a speedy trial must be determined in light of the circumstances of the particular case. The trial court is vested with discretion in determining whether a delay in a particular case has prejudiced a defendant. See, State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); King v. State, 303 So.2d 389 (3rd D.C.A.Fla. 1974). In this case, a delay of one week from the scheduled trial date of September 8 has not been shown to be prejudicial.
The judgment and sentence appealed is therefore affirmed.
Affirmed.
WALDEN and ALDERMAN, JJ., concur.