PER CURIAM.
This Petition for Writ of Prohibition seeks to prohibit petitioner from being tried for first degree murder on the ground that the time for trial under the speedy trial rule had expired when petitioner filed his motion for discharge (denied) below. This court issued the rule on December 8, 1978 and a response and a reply to the response have subsequently been filed.
On April 5, 1978 petitioner was arrested for the conduct giving rise to the first degree murder charge (the indictment was filed on April 9, 1978). Without any extension, the 180 days under the speedy trial rule would have permitted a trial through October 2, 1978. On August 16, 1978 the state filed both a motion for continuance and a motion for extension of speedy trial. Both motions were for the purpose of gaining additional time to secure the presence of one Keith Chee-a-Tow, a material witness who was in another country. In the motion for continuance the state alleged the unavailability of the witness and prayed for a continuance, not asking for any specific length of time. The motion for extension of speedy trial incorporated the motion for continuance by reference and asked that the court enter an order “staying the ruling of the speedy trial period until the presence of Keith Chee-a-Tow can be arranged.” On August 25, 1978 there was a hearing on the motion for continuance and motion for extension of speedy trial. The most important relevant portions of said hearing are as follows:
[MR. CANNELLA, ASST. STATE ATTORNEY] I would suggest, Your Honor, that I can cite you case law that provides that you do have the discretion to enter such an order extending the speedy trial time. I have represented to the Court that I am not asking this Court — and I represented here to Mr. Unterberger — to completely toll the running of the speedy trial. I think that is an unfair and uncalled for request by the State. I simply want enough time, not chargeable to the State, to seek the presence of this material witness. If I can properly, and within a reasonable period of time, report to the Court that he is going to be here and can be here and can be readmitted to the Bahamas, then I am going to do so.
By the same token, if I find out he is not coming, I am going to come in here and announce I can’t obtain this man’s presence and we are ready to proceed.

THE COURT: All right. How long do you consider a reasonable time?
MR. CANNELLA: I think in view of the Rule, the portion of the Rule allows me two continuances as I read into the record, two continuances. The first one, Your Honor, I would like to have for three weeks. That is twenty-one days.

MR. CANNELLA: I have stated on the record that I am not asking, even though I know the case law provides for that interpretation, I am not asking for a tolling of the speedy trial time. I am asking for a specific number of days. As I indicated previously, I feel it is unfair under the circumstances to toll it completely.
* * * * * *
THE COURT: All right. I am going to grant the motion for a twenty-one day extension.
*966 MR. CANNELLA: Your Honor, if we could just—
THE COURT: Twenty-one days.
MR. CANNELLA: Your Honor, if we could just keep the case off the docket until, or during that twenty-one days, just keep it off, so that I can keep the Court and Mr. Unterberger advised of what is going on. Then, at a period prior to the running of the twenty-one days, we will put the case back on the docket and set it for a trial date. Is that satisfactory?
THE COURT: All right.
MR. UNTERBERGER [DEFENSE COUNSEL]: Apparently, the Court is finding that the State has demonstrated an exceptional circumstance—
THE COURT: Yes.
MR. UNTERBERGER: —entitling them to an extension of time?
MR. CANNELLA: Of twenty-one days.
MR. UNTERBERGER: Which the Court happens to be limiting to twenty-one days?
THE COURT: Twenty-one days.
MR. CANNELLA: Further, you have my assurance on the record that I am saying I don’t want the—
MR. UNTERBERGER: I understand that.
MR. CANNELLA: —the portion of the case law that says it is an absolute toll of the speedy trial rule which you could easily overcome with a sixty-day demand, anyway.
On the same day the trial judge granted both the motion for continuance and motion for extension of speedy trial by way of “Motion Heard, Considered and Granted” stamps. The motion for continuance stamp also had written in “Date to be set by Mr. Cannella at a future date.” The motion for extension of speedy trial stamp stated “Granted for 21 days.”
On September 12, 1978 the state filed a motion to take deposition to perpetuate testimony reciting that the witness mentioned above would not leave the Bahamas because he would not be guaranteed re-entry. A hearing on this motion was held on September 15, 1978 and the motion was granted on September 15, 1978, again by a stamp on the face of the motion.
On October 31, 1978 petitioner filed his motion for discharge in the trial court alleging that the speedy trial time had expired. The trial judge denied the motion for discharge on November 3, 1978, and set the trial for January 8, 1979, finding that petitioner’s right to speedy trial both under the speedy trial rule and the constitution was not denied.
We are faced again with a difficult situation calling for an interpretation of two potentially conflicting sections of the Florida speedy trial rule. Rule 3.191(d)(2) provides for a written order of the court extending the speedy trial time for various specific causes, and additionally for “exceptional circumstances as hereinafter defined . .” Rule 3.191(f) defines exceptional circumstances. The events present in this case, the unavailability of a witness, squarely fall within the exceptional circumstance covered by Rule 3.191(f)(iii). Rule 3.191(f) also provides that “[Ujnder the foregoing circumstances the court may set a new trial date within a reasonable time.” The question devolves as to whether the specific extension of time given in this case under (d)(2) limits the continuance and setting the case within a reasonable time thereafter pursuant to (f).
We find the facts of this case strikingly similar to those in King v. State, 303 So.2d 389 (Fla.3d DCA 1974), cert. den. 314 So.2d 775 (Fla.1975). In King, defendant was arrested on April 4, 1973 and trial was set for October 17, 1973. The state moved for a continuance because of the unavailability of a witness. The trial court granted a 30 day extension of the speedy trial rule but also set trial for December 11, 1974, which date was in excess of the 30 day extension period. The Third District Court of Appeal held that once the continuance was granted “. . . the quantitative provision of the rule was no longer applicable,” and defendant’s right to a speedy trial “then was *967 measured by constitutional safeguards.” The court also held that pursuant to Fla.R. Crim.P. 3.191(f), the court may then set a trial date within a reasonable time. Thus, it was held that the continuance for “exceptional circumstances” took precedence over the specific 30 day extension of time. It is of some importance to note that the Florida Supreme Court denied certiorari in King.
We are somewhat troubled by the broad language in King.[1] However, we think that the narrow holding of King is applicable under the totality of circumstances in this case. Included in such circumstances are the following:
1. Both the motion for extension of time and the motion for continuance herein were based on an “exceptional circumstance” pursuant to Rule 3.191(f), as opposed to a ground for extension only set forth in Rule 3.191(d)(2). The continuance being filed pursuant to the continuance rule, 3.190(g), does not change the fact that the grounds set forth therein were cognizable under 3.191(f) and were so argued at the hearing.
2. Neither motion requested a specific number of days. In fact, the motion for extension asked that the speedy trial period be stayed until the presence of the witness could be arranged. It was only at the hearing that the assistant state attorney limited his request for extension to 21 days.
3. While the assistant state attorney specified that he was not asking for “an absolute toll of the speedy trial rule,” he did not promise to limit the delay necessary to obtain the witness’ testimony to 21 days.
4. Although the court’s granting of the motion for extension specified 21 days, the court’s granting of the continuance motion did not specify a specific length of time. Since the motion was granted pursuant to Rule 3.191(f), the court could properly set a trial date “within a reasonable time.”
5.The assistant state attorney kept the court advised of the progress in securing the testimony of the witness in question and subsequent proceedings were held thereupon.
We construe a “reasonable time” not to constitute an absolute tolling of the speedy trial rule, thereby limiting defendant’s right solely to constitutional speedy trial safeguards. In this respect we differ from the King majority.[2] Rather, we construe the language allowing the court to set a new trial date within a reasonable time to mean a reasonable time. considering the exceptional circumstances for which the continuance was granted. In this case, we hold that the setting of the trial herein for January 8, 1979 was not an unreasonable length of time in view of the continuing unavailability of the witness in question.
Therefore, this Petition for Writ of Prohibition is hereby denied.
HOBSON and BOARDMAN, JJ., concur.
GRIMES, C. J., dissents with opinion.

. The broad language evidently also’ troubled one member of the King panel, who specially concurred in the decision.

. As noted above, though, we adopt King insofar as it holds that a continuance granted under the exceptional circumstances provision of the speedy trial rule in some cases may take precedence over a simultaneous specific extension order.