BOARDMAN, Judge.
The state appeals the trial court’s order discharging appellee Gleason for failure of the state to try him within sixty days of his demand for speedy trial filed pursuant to Rule 3.191(a)(2), Florida Rules of Criminal Procedure. We reverse.
Appellee was arrested on July 21, 1978 for first-degree murder and was charged by indictment filed August 28,1978 with being an accessory after the fact to a felony, in violation of Section 777.03, Florida Statutes (1977). On September 12, 1978, trial was set for November 13, 1978. On October 19, 1978, appellee filed a motion for continuance. The trial court granted the motion and rescheduled trial for January 9, 1979 in an order which also provided that the speedy trial time periods were tolled. On December 7, 1978, appellee filed a demand for speedy trial under Rule 3.191(a)(2), which required the state to bring him to trial within sixty days from the date of the demand.
The trial court subsequently reset trial for January 25, 1979. The state filed a “motion to extend time for trial” on January 18,1979 and a “motion for continuance” *1040 on January 24, 1979, both predicated upon the unavailability of certain state witnesses. On January 25, in separate orders, the trial court denied the first motion and granted the second, resetting trial for February 6.
On February 6, the state filed another motion for continuance, again on the ground of witness unavailability, which motion was apparently never specifically ruled on. That same day appellee filed a motion for discharge, asserting that the speedy trial time had expired under both Rule 3.191(a)(1) and Rule 3.191(a)(2). The trial court, concluding that the sixty-day speedy trial period under Rule 3.191(a)(2) had begun to run on December 7,1978, the date of its filing, and had expired on February 5, 1979, granted the motion for discharge. This appeal followed timely.
The state contends that reversal is required because the demand for speedy trial was not effective during the period for which the trial court had ordered the speedy trial time tolled in its order granting appellee’s October, 1978 motion for continuance and therefore only became effective on January 9, 1979. We need not decide this issue, however, for reversal is required even if the demand was effective as of the date it was filed. This is so because the speedy trial time was properly extended by the trial court’s order granting the state’s January 24, 1979 motion for continuance.
Rule 3.191(a)(2) requires that the accused be brought to trial within sixty days of filing a speedy trial demand “unless the State is granted a continuance because of exceptional circumstances as defined in this Rule.” Subsection (f) of the rule provides in pertinent part:
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; . . (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; .
The state’s January 24 motion for continuance alleged grounds which would constitute exceptional circumstances under Rule 3.191(f)(i) and (iii). The trial court properly granted the motion and reset trial within a reasonable time, as required by Rule 3.191(f). At that point, the time limitations set forth in the rule were no longer applicable. Gereca v. State, 336 So.2d 709 (Fla.4th DCA 1976); see also State ex rel. Norman v. Merckle, 369 So.2d 964 (Fla.2d DCA 1979). The delay accorded by the continuance not having been shown to be prejudicial, appellee had not been denied his right to a speedy trial and should not have, been discharged. Gereca v. State, supra.
Accordingly, the order discharging appel-lee is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, J., concurs.
GRIMES, C. J., concurs specially with opinion.