PER CURIAM.
The State appeals the trial court’s dismissal of the case against Gaitor.
The defendant was arrested on June 14, 1978; the speedy trial time was due to expire on Monday, December 11, 1978. On Friday, December 8, the prosecutor informed the judge that time was about to run out. The judge suspended the trial which was in progress, and began jury selection for the Gaitor trial. After a while, it became apparent that there were only five persons remaining in the jury yenire; the defendant refused to be tried by a five-man jury. The trial court then, being aware that a three-week trial had been specially set to begin December 11, found that there were exceptional circumstances (insufficient number of jurors) to justify an extension of the speedy trial time. In his order, the trial judge stated that he extended the speedy trial time to the “first full week available for trial”, and assumed that the week of January 2,1979 was that week. The defendant objected to the extension. Due to the illness of a prosecutor, the specially set three-week trial did not take place. On Wednesday, December 13, 1978, the court advised counsel to be ready for trial on the following Monday, December 18; the trial court noted he was doing this because the week of December 18 had become the “first full week available for trial”.
On December 15, the State announced to the court that it would not be ready for trial on December 18, and requested that the case continue to be set for January 2, 1979. In January, defense counsel moved to dismiss the case because of the failure to try the defendant within the speedy trial rule or as scheduled on December 18, 1978. Ultimately, the trial judge granted the motion to dismiss on both grounds.
We sustain the dismissal on the failure of the State to try the defendant as scheduled on December 18, 1978, the “first full week available for trial”. It was within the power and discretion of the trial court to dismiss the action for failure of the State to go forward on said date, in that to further detain and incarcerate the defendant would have constituted a violation of her constitutional right to a speedy trial. In this connection, see the following authorities: State v. Cullen, 253 So.2d 861 (Fla.1971); Gereca v. State, 336 So.2d 709 (Fla. 4th DCA 1976); Suggs v. State, 358 So.2d 55 (Fla. 2d DCA 1978).
Therefore, the- order under review be and the same is hereby affirmed.
Affirmed.