# STATE OF FLORIDA v DECKMAR

## Case No. 31965/6/7-CP

County Court, Volusia County

December 11, 1989

### APPEARANCES OF COUNSEL

**Reginald Moore,** Assistant State Attorney, for plaintiff.

**C. Ashton Van Hook, III,** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came to be heard on November 17, 1989 pursuant to a hearing on Defendant's Second Motion to Dismiss and Discharge (filed pursuant to Fla.R.Crim.P. 3.191(i). This Court, based upon a hearing that occurred on the September 5, 1989 trial date scheduled pursuant to Fla.R.Crim.P. 3.191, argument of counsel, and further research, finds as follows:

The defendant was not prepared to proceed to trial due to the fact

that the State failed to answer July 14, 1989 discovery devices (note defendant's certificate of service shows hand delivery on June 14, 1989). The court file shows and the state admits they never answers (Transcript of September 5, 1989 proceeding hereafter "T" 5-6). This Court, pursuant to a Richardson hearing concluded that there was a discovery violation (T 7-11). The State when presented with remedial options requested a continuance (T 11-12). The case was continued at the request of the state (T 12). The Assistant State Attorney specifically stated, "Well, I'm at a loss as to the continuance of the trial, and I have not heard the defense agree to that continuance, or the Court has not made a determination that this is a basic grounds for continuance which would total [sic] the running of the speedy trial rule." (T 13). This Court did not find that the defense agreed to the state continuance or that the speedy trial period was tolled due to the above described reason (T 13). The case was set on the court's next pretrial/trial docket (T 14).

The State relies on *State v Livingston,* 475 So.2d 1328 (Fla. 5th DCA 1985) and *Neuman v State,* 431 So.2d 168 (Fla. 5th DCA 1983). The reliance is misplaced. Livingston's counsel stated that he had no objection to a trial date outside the 90 day speedy trial time. Neuman without objection if not with his *tacit approval* also agreed to a trial date outside the 180 day speedy trial time.

The defendant herein did not passively or actively stipulate to or acquiesce in a trial date past the 105 day period. There was no tacit approval. It is in fact clear that the defense sought a speedy trial within the 90 day period with the discovery requested, i.e., it was clear based on the defendant's filing of his first Motion to Dismiss and Discharge in conjunction with what occurred at the September 5, 1989 proceeding that he was intending not to waive or extend the speedy trial period. See *Walker v State,* 492 So.2d 772 (Fla. 1st DCA 1986).

The silence of a defendant or his counsel at a proceeding where a trial date is set beyond a speedy trial period is not a waiver or an agreement to the extended period. See *Mellman v Rudd,* 389 So.2d 706 (Fla. 1st DCA 1980); *State v Ansley,* 349 So.2d 837 (Fla. 1st DCA 1977); *Harris v Tyson,* 267 So.2d 390 (Fla. 4th DCA 1972); and *State Ex Rel. Flowers v Goodman,* 241 So.2d 457 (Fla. 3d DCA 1970). A court may continue a case at the state's (request) or expense beyond speedy trial limits even if such continuance effectively results in a discharge due to a state discovery violation. See *Grenade v Ader,* 530 So.2d 1050 (Fla. 3d DCA 1988); *Lobik v State,* 506 So.2d 1077 (Fla. 2d DCA 1987) and *State v Ex Rel Boren v Sepe,* 156 So.2d 259 (Fla. 3d DCA 1972). Such is what occurred herein.

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that Defendant's Second Motion to Dismiss and Discharge is granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 11th day of December, 1989.